UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEOVANY D. SALAZAR, Individually, on Behalf of All Others Similarly Situated and as Class Representative,<br><br>                         Plaintiff,<br><br>-against-<br><br>PRIME DENTAL LAB, INC. and NICHOLAS FOURNARIS,<br><br>                         Defendants. | 15-CV-9366-CM<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 3/8/16 |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement') is entered into by Plaintiff Geovany D. Salazar ("Plaintiff") and Prime Dental Lab, Inc. ("Prime Dental") and Nicholas Fournaris ("Mr. Fournaris") (Mr. Fournaris and Prime Dental, collectively, "Defendants"), subject to approval of the Court.

WHEREAS on or about December 1, 2015, Plaintiff filed this putative class/collective action on behalf of himself and others similarly situated against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 15-CV-9366-CM (the "Litigation"), in which Plaintiff asserted claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for: (i) failure to pay minimum wage; (ii) failure to pay overtime; (iii) failure to provide wage notices; and (iv) failure to provide "tools of the trade";

WHEREAS the purpose of this Agreement is to fully and finally settle all obligations and/or differences between Plaintiff and Defendants.

SMRH:224615139.3

3/8/2016 Settlement agreement approved by the Court

WHEREAS Defendants deny and continue to deny all allegations made by Plaintiff in the Litigation and have denied and continue to deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, and without admitting that any compensation was not properly paid to Plaintiff, Defendants have agreed to settle the Litigation on the terms set forth in this Agreement, to avoid the burden, expense and uncertainty of continuing litigation.

WHEREAS there has been no certification of a class or collective action in this Litigation, and no other party has joined this litigation as a plaintiff or defendant.

WHEREAS Plaintiff's counsel has analyzed and evaluated the merits of the claims made against Defendants in this Litigation and the impact of this Agreement on Plaintiff, and has engaged in limited discovery. Based on this analysis and Plaintiff's counsel's evaluation of a number of factors, including the substantial risk of continued litigation and the possibility that the Litigation, if not settled now, may result in no recovery whatsoever for Plaintiff or may result in a recovery that is less favorable for Plaintiff and that such recovery may not occur for several years, Plaintiff's counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of Plaintiff.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.  In consideration for the release and other promises by Plaintiff set forth herein, Defendants agree that they will pay the total gross amount of $21,000.00, pursuant to the schedule below:

   a.  Not later than ten (10) business days after the Court approves the Agreement, Defendants will deliver a check in the amount of $7,000.00 payable to "Mirer Mazzocchi Schalet & Julien, PLLC," Tax ID No. 4756138, to Lizabeth Schalet, Esq. at 150 Broadway, Suite 1200, New York, New York 10038, for which a 1099 will be issued;

   b.  Not later than ten (10) business days after the Court approves the Agreement, Defendants will deliver a check in the gross amount of $7,000.00 payable to "Geovany Salazar" to Ms. Schalet at the address specified in Paragraph 1(a). This amount represents taxable wage income subject to all applicable tax withholdings and deductions and subject to IRS Form W-2 reporting. For tax withholding purposes, this payment will be treated as if it were annual salary payable over a twelve (12) month period.

   c.  Not later than ten (10) business days after the Court approves the Agreement, Defendants will deliver a check in the gross amount of $7,000.00 payable to "Geovany Salazar" to Ms. Schalet at the address specified in Paragraph 1(a). This amount represents payment for liquidated damages and for which a 1099 will be issued, with Box 3 ("Other Income") checked.

Plaintiff agrees that he will be solely responsible for the payment of all taxes, interest, and/or penalties required by all applicable taxing authorities. To the extent that Defendants may be or are held liable for the payment of any taxes, interest and/or penalties in connection with the payment set forth in this Paragraph 1, Plaintiff agrees to indemnify and hold Defendants harmless from and against any and all such taxes, interest and/or penalties. The Parties further agree to cooperate with each other, consistent with applicable law, in connection with any lawful inquiries by any taxing authorities.

2.       Plaintiff acknowledges that the payments and benefits set forth in Paragraph 1 and the other consideration provided herein constitutes valid consideration for the covenants by Plaintiff contained herein.  Plaintiff agrees that he is not entitled to and will not seek any further consideration, including any other payment, wages, bonuses, vacation pay, health or other benefit or payment of any kind, from Releasees (as defined below) other than that to which he is entitled pursuant to this Agreement.  Plaintiff acknowledges that he has been paid all accrued salary and wages, less applicable deductions, through the end of his employment with Defendants.

3.       Plaintiff agrees to take any and all steps necessary to effectuate dismissal of the Litigation with prejudice, including directing his counsel to execute a Stipulation of Discontinuance With Prejudice in the form attached hereto as Exhibit A.  Plaintiff represents that no other charges, actions, or claims are pending on his behalf against Defendants or any of the Releasees (defined in Paragraph 4, below).

4.       Plaintiff releases and discharges Defendants, their parents, subsidiaries, affiliated entities and former and current officers, directors, employees, agents, shareholders and representatives and the successors and assigns of each ("Releasees") from any and all complaints, claims, liabilities, obligations, promises, agreements, damages, actions, causes of action, suits, rights, demands, losses, debts and expenses (including attorneys' fees and costs), whether known or unknown, that Plaintiff ever had, now has or hereafter can or may have arising or accruing at any time up to and including the date this Agreement is fully executed, including any claims arising out of Plaintiff's employment with Defendants or the termination of that employment based upon any theory of tort, contract or law and any prohibited acts under local,

state and federal employment or benefits laws, including but not limited to breach of contract and discrimination based on race, sex, age, religion, national origin, sexual orientation, disability, marital status and retaliation, except as to the enforcement of this Agreement and any rights which cannot be waived as a matter of law. This release includes, without limitation, any and all claims Plaintiff may have under the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the FLSA, the Employee Retirement Income and Security Act, the Sarbanes-Oxley Act, the Worker's Adjustment and Retraining Notification Act, the New York Human Rights Law, the New York City Human Rights Law, the NYLL, the New York Minimum Wage Act, the NYCRR and any other federal, state or local law, statute or ordinance. Plaintiff acknowledges that the enumeration of specific rights, claims, and causes of action being released should not be construed to limit the general scope of this Agreement. It is the intent of Plaintiff and Defendants that, by this Agreement, Plaintiff is giving up all rights, claims and causes of action against the Releasees which accrued prior to the effective date hereof, whether or not he is aware of them and whether or not any damage or injury has yet occurred.

5.   Plaintiff acknowledges that he has not and agrees that he will not institute, nor be represented as a party, in any lawsuit, claim, complaint, action, or other proceeding against or involving any Releasee, whether as individual or class action, with any administrative agency, regulatory, judicial, or other forum, under any federal, state or local laws, rules, regulations, or any other basis based upon any act or omission occurring up to and including the date upon which this Agreement is fully executed, and he shall not seek to accept any award or settlement from any such source or proceeding. In the event that Plaintiff institutes, is a party to, or is a

SMRH:224615139.3                                          -5-

member of a class that institutes any such action, his claims shall be dismissed or class membership terminated with prejudice immediately upon presentation of this Agreement. In addition, Plaintiff will pay Releasees their costs, including reasonable attorneys' fees, in obtaining dismissal of such action or in seeking to exclude Plaintiff as a member of a class action. This Agreement does not affect Plaintiff's right to file a charge with the Equal Employment Opportunity Commission ("EEOC") or to participate or cooperate in any investigation conducted by the EEOC, but Plaintiff acknowledges that he is not entitled to any other monies other than those payments described in this Agreement.

6. Plaintiff represents, warrants and agrees that the existence of this Agreement, its terms and conditions, the compromise negotiations that concluded with this Agreement, the within Litigation, and the events underlying the allegations of the within Litigation shall be kept and remain strictly confidential, except Plaintiff may divulge the existence or terms of this Agreement to his attorney, accountant and immediate family or if required by subpoena, other discovery request or by law, provided that any person to whom disclosure is made is advised of the non-disclosure provision of this Agreement and agrees to keep the existence and terms of this Agreement confidential. In the event Defendants discover after execution of this Agreement that Plaintiff has breached any of his obligations set forth herein, including but not limited to his confidentiality obligations under Paragraph 6, and such breach is established in a court of competent jurisdiction, Plaintiff shall (a) not be entitled to any payments or benefits (or continued payments or benefits, as the case may be) under Paragraph 1 of this Agreement, (b) be obligated to return to Defendants any such payments and benefits paid to him, and (c) reimburse Defendants for all attorneys' fees and costs incurred by them in obtaining the return of such

payments and benefits, together with interest thereon in the event Defendants are the prevailing party.

7. Plaintiff agrees that he will not make any negative or disparaging statements about Defendants or any of its former or current employees. Defendants agree that if they receive any employment related inquiry regarding Plaintiff, they will only confirm the dates of employment and position(s) held by Plaintiff. Mr. Fournaris agrees that he will not make any negative or disparaging statements about Plaintiff.

8. Nothing contained in this Agreement nor the fact that the parties have signed this Agreement shall be considered an admission of liability by Defendants. This Agreement will not constitute a precedent with regard to any other party's dealings with Defendants.

9. If any provision contained in this Agreement should be proven unlawful or unenforceable, that provision will be considered as never written, but that will not affect the validity of the remaining terms and conditions of this Agreement.

10. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter set forth herein and shall supersede all prior agreements between the Parties relating to such subject matter. Any amendments to or changes in the obligations created by this Agreement shall not be effective unless reduced to writing and signed by both Parties.

11. This Agreement shall be construed in accordance with the laws of the State of New York without regard to conflict of laws principles. Any actions arising out of or relating to this Agreement shall be brought in a federal or state court of competent jurisdiction in the State of New York. Plaintiff hereby irrevocably consents to the jurisdiction of the respective forum

SMRH:224615139.3

courts and irrevocably waives any and all defenses based on lack of personal jurisdiction, improper venue and/or forum non-conveniens.

12. This Agreement may be executed by the Parties in any number of counterparts, which are defined as duplicate originals, all of which taken together will be construed as one document. A signature by facsimile on this Agreement shall be as legally binding as an original signature.

13. Plaintiff agrees that he will not make any applications for employment with Defendants, their parents, subsidiaries or affiliated entities and further agrees that any application for employment he makes to such entities will violate this Agreement and is hereby rejected by the Defendants or their parents, subsidiaries or affiliated entities pursuant to the terms herein. In the event that Plaintiff obtains employment with Defendants, Plaintiff acknowledges and agrees that the employment will be subject to immediate termination and that Defendants will have no liability for such employment termination because this Agreement constitutes a valid, legitimate, non-discriminatory and non-retaliatory reason for the termination of such employment.

14. Plaintiff acknowledges that this Agreement and Defendants' obligation to make any payments hereunder are contingent on Court approval of this Agreement and dismissal of the Litigation with prejudice.

15. Plaintiff acknowledges that his attorneys have translated, or have caused to be translated, this Agreement to Spanish and/or any other language that he deems to be his primary language so that he fully understands this Agreement.

16. Plaintiff warrants that he is fully competent to enter into this Agreement and acknowledges that he has been afforded a reasonable period of time and opportunity to review

this Agreement with his attorney, that he has consulted with his attorney prior to executing this Agreement, that he has read and understands this Agreement, and that he has signed this Agreement freely and voluntarily.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the dates set forth under their signatures which appear below.

*Geovany Salazar*
GEOVANY SALAZAR

By: _____
PRIME DENTAL LAB, INC.

*2-24-16*
DATE

_____
DATE

_____
NICHOLAS FOURNARIS

_____
DATE

SMRH:224615139.3                    -9-

this Agreement with his attorney, that he has consulted with his attorney prior to executing this Agreement, that he has read and understands this Agreement, and that he has signed this Agreement freely and voluntarily.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the dates set forth under their signatures which appear below.

_Geovany Salazar_
GEOVANY SALAZAR

2-24-16
DATE

By: _[signature]_
PRIME DENTAL LAB, INC.

3-1-2016
DATE

_[signature]_
NICHOLAS FOURNARIS

3-1-2016